## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TYANNA FREDERICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:25-cv-01839 (UNA) |
| | ) | |
| HARLOW NAVY YARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION</u>

This matter is before the Court on Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"). The Court grants the IFP Application and, for the reasons discussed below, it dismisses this matter for failure to state a claim, *see* 28 U.S.C. §§ 1915(e)(2)(B)(ii).

Plaintiff, a resident of the District, sues her landlord, Harlow Navy Yard, and the assistant manager of that property. *See* Compl. at 1–2. Plaintiff's Complaint is quite spare, alleging only that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g, arising from Defendants' alleged failure to "produce a true bill," and threatened to evict Plaintiff "for an alleged debt." *See id*. at 3–4. She also alleges that Defendants did not "produce a legal contract." *See id*. at 4. She demands $80,000 in damages for "emotional distress" and "false and deceptive forms." *Id*.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d

661, 668–71 (D.C. Cir. 2004).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

As here, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to state a claim.  *Iqbal,* 556 U.S. at 678.  Although a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted), it still "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of [defendant's] misconduct,'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678–79; *see Aktieselskabet AF 21. Nov.2001 v. Fame Jeans, Inc*., 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) ("We have never accepted 'legal conclusions cast in the form of factual allegations' because a complaint needs some information about the circumstances giving rise to the claims.") (quoting *Kowal v. MCI Commc'ns Corp*., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).  Plaintiff's Complaint offers *less* than threadbare allegations and recitations.  Indeed, no details regarding the nature of Defendants' alleged wrongdoing is provided, including why, where, how, or when it occurred.  Nor does Plaintiff attach a copy of the relevant documents, if any.

Even if these details were clearer, Plaintiff has still fallen short.  As background, the FDCPA requires a debt collector, within five days of the initial communication with the consumer, to send the consumer a written notice containing certain information, unless such information was contained in the initial communication. 15 U.S.C. § 1692g(a).  Among other things, the notice must include the amount of the debt owed, the name of the creditor and a statement that the

consumer has 30 days to dispute the debt, and, that absent a timely dispute, the debt will be presumed valid. *See id*. To dispute the debt, the consumer must notify the debt collector in writing that

> the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

*Id.* § 1692g(b). If the debt collector receives such timely notice of dispute, it "shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt." *Id.* § 1692g(a)(4), (b).

Here, assuming *arguendo* that Defendants are, by definition, debt collectors, and the Plaintiff is, by definition, a consumer, Plaintiff fails to allege that Defendants initiated contact with her within the meaning of the statute, *see Carlisle v. Stellar Recovery, Inc*., 222 F. Supp. 3d 91, 94 (D.D.C. 2016) (dismissing § 1692g claims for failing to identify an initial communication); *ValleCastro v. Bendett & McHugh, P.C*., No. 14-cv-1796, 2015 WL 5797023, at *9 (D. Conn. Sept. 30, 2015) (same); *Oliver v. U.S. Bancorp*, No. 14-cv-8948, 2015 WL 4111908, at *4 (S.D.N.Y. July 8, 2015) (dismissing § 1692g claims where the plaintiffs failed to allege any "initial communication" from the defendant), or that she ever formally notified Defendants of her dispute, *see Barnes v. Capital One Financial Corporation*, No. 23-cv-182, 2023 WL 6606026, at *6 (S.D. Ohio, Oct. 10, 2023) (dismissing §1692g claims due to the plaintiff's failure to establish that she provided statutory notice of her dispute), *R&R adopted*, 2023 WL 9271174 (S.D. Ohio, Oct. 30, 2023); *Obanya v. Select Portfolio Servicing, Inc*., No. 14-cv-5255, 2016 WL 11265648, at *4 (E.D.N.Y. Aug. 23, 2016) (dismissing §1692g claims where the plaintiff failed to "allege that she

disputed the debt in writing within the 30-day timeframe set by the statute. The absence of such allegations is ground for dismissal.") (citations omitted), *R&R adopted*, 2017 WL 253483 (E.D.N.Y. Jan. 20, 2017); *Agu v. Rhea*, No. 09-cv-473, 2010 WL 5186839, at *5 (E.D.N.Y. Dec. 15, 2010) (dismissing §1692g claims because the plaintiff failed to allege that he properly and timely waged his debt dispute). Plaintiff is obligated to send Defendants notice of her dispute as prescribed in the statute, providing them with actual knowledge, because otherwise, the "FDCPA does not impose upon a debt collector any duty to investigate independently the validity of the debt." *Jacques v. Solomon & Solomon P.C.*, 886 F. Supp. 2d 429, 433 (D. Del. 2012) (citing *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1174 (9th Cir. 2006)) (collecting other cases). Notably, there is no indication that Plaintiff, within her 30-day window or otherwise, sent a notice of dispute to Defendants, and although she has filed a "Petition for Verification of Debt," ECF No. 1-1, with her Complaint in this matter, there is no suggestion that she sent a timely copy of that Petition to Defendants, nor would filing it in this case, standing alone, comply with the statutory notice of dispute requirement, *see* 15 U.S.C. § 1692g(b).

Simply put, because Plaintiff does not allege "an initial communication from [Defendants]," and does not allege that she "submitted her dispute letter in the appropriate time period under the statute," if at all, "or describe any efforts that [Defendants] . . . made to collect upon the debt in question," consequently, Plaintiff has "not alleged a violation of section 1692g[]," or a violation of any other provision of the FDCPA. *See Hayward v. Sw. Credit Syst.*, No. 23-cv-3234, 2024 WL 169570, at *5 (E.D. Pa. Jan. 16, 2024); *Tauro v. Asset Acceptance*, No. 12-00418, 2012 WL 2359954, at *3 (W.D. Pa. June 20, 2012) (dismissing claim as implausible because "[t]he Plaintiff does not allege that, nor does he aver facts to suggest that, the Defendants provided (or failed to provide) either an initial communication or validation notice containing the information

required by law"); *Valderrama v. BBVA Compass*, No. 21-cv-01776, 2021 WL 6065825, at *3 (N.D. Tex. Nov. 22, 2021) (dismissing FDCPA claim where, *inter alia*, "Plaintiff also fails to assert any facts indicating that he properly disputed or sought validation of the debt"), *R&R adopted*, 2021 WL 6063618 (N.D. Tex. Dec. 21, 2021); *McGagh v. Equifirst Corporation*, No. 19-cv-01185, 2020 WL 433864, at *3 (D. Md. Jan. 28, 2020) (dismissing § 1692g claims where the complaint bore no facts "by which the Court could infer [that the defendant] failed to issue the proper communications, or that [the plaintiff] disputed a particular debt within the thirty-day window"); *Robinson v. DeVille Asset Mgmt.*, No. 18-cv-5773, 2019 WL 2354988, at *1 (N.D. Ga. Mar. 20, 2019) (finding that the plaintiff's § 1692g claims did "not contain sufficient factual material to state a plausible claim for relief" where he alleged that the defendants attempted to collect a debt "before 'verifying' that he owned the debt" and he also alleged "that he mailed [the defendants] a 'claim dispute,'" but he did not provide any "factual detail about his mailing of a 'claim dispute' and the responses, if any"), *R&R adopted*, 2019 WL 2344215 (N.D. Ga. Apr. 08, 2019); *Davis v. Tulsa Adjust. Bureau*, No. 16-cv-00494, 2017 WL 11905441, at *3 (N.D. Tex. Jan. 27, 2017) (despite the plaintiff's "focus on Defendants' alleged failure to validate the debts," he failed to state a claim because he did "not allege[] any initial communication from either defendant, nor . . . alleged that he sent his validation request within 30 days of receiving such communication, as required by statute"); *Franklin v. Bww Law Group, LLC*, No. 16-cv-0455, 2016 WL 2756576, at *7 (D. Md. May 12, 2016) (finding that the plaintiff's "conclusory allegations concerning Defendant's alleged failure to verify and validate the debt are insufficient to state a claim under the FDCPA"); *4405 Bay Valley Family Land Trust v. Hughes Watters Askanase, LLP*, No. 13-cv-2545, 2013 WL 12100780, at *7 (N.D. Tex. Dec. 10, 2013) (finding that the plaintiff did not allege "sufficient factual allegations to state a claim for relief under the FDCPA" where he "for the most

part, merely recite[d] the elements under the statute," and alleged only generally that Defendant "never validate[d] the alleged debt," and that he had "sent a certified letter of the alleged debt being disputed"), *R&R adopted*, 2014 WL 772953 (N.D. Tex. Feb. 27, 2014); *Ethridge v. Countrywide Home Loans, Inc*., No. 12-cv-10705, 2012 WL 5389694, at *3 (E.D. Mich. Oct. 16, 2012) (dismissing § 1692g claims because the plaintiff did not adequately establish an initial communication by the defendant or if the defendant was a debt collector within the meaning of the FDCPA.), *R&R adopted*, 2012 WL 5389343 (E.D. Mich., Nov. 2, 2012); *Gonzalez v. HomeQ Servicin*g, No. 09-cv-00951, 2010 WL 289303, at *5 (E.D. Cal. January 15, 2010) (finding that the plaintiff's FDCPA claims failed to meet *Iqbal's* pleading requirements due lack of allegations of fact); *Crowder v. HSBC Mortgage Services, Inc*., No. 10-cv-2785, 2011 WL 13319001, at *7–8 (N.D. Ga. Mar. 7, 2011) (finding same and dismissing with prejudice for failure to state a claim and for failure to meet the pleading requirements of Federal Rule 8(a)) (collecting cases), *R&R adopted*, 2011 WL 13319034 (N.D. Ga. May 9, 2011).

Finally, "the term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another . . . the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6). But here, per Plaintiff's own allegations, it appears that Defendants were attempting to collect money owed directly to them as direct creditors, not to a third party. *See, e.g., Obduskey v. McCarthy & Holthus LLP*, 586 U.S. 466, 477 (2019) (holding that creditor enforcing a security interest in nonjudicial foreclosure proceedings, is not a "debt collector" subject to the main coverage of the FDCPA);

*Cousins v. Duane St. Assoc.*, 7 Fed. Appx. 85, 2001 WL 327084, at *3 (2nd Cir. 2001) (holding that landlord–Defendants, as direct creditors, "do not constitute 'debt collectors' under the FDCPA); *Carter v. AMC LLC*, 645 F.3d 840, 844 (7th Cir. 2011) (holding that the landlord and the landlord's manager were not debt collectors under the FDCPA, because the statute "excludes not only the original creditor but also any person who tries to collect a debt that 'was not in default at the time it was obtained by such person'" (quoting 15 U.S.C. § 1692a(6)(F)(iii))); *Jarzyna v. Home Prop., L.P.*, 114 F. Supp. 3d 243, 254 (E.D. Pa. 2015) (same), *aff'd*, 783 Fed. Appx. 223 (3rd Cir. 2019); *Franceschi v. Mautner–Glick Corp.*, 22 F. Supp. 2d 250, 253–55 (S.D.N.Y. 1998) (finding that the defendant landlord, and the defendant property manager that conducted pre-collection billing services on behalf of the landlord, were both exempt from the FDCPA) (collecting cases); *Smith v. Solodar*, No. 24-cv-580, 2025 WL 1345985, at *4 (E.D. Va. May 5, 2025) (same); *Young-Bey v. Southern Management Corporation, Inc.*, No. 18-2331, 2019 WL 1992905, at *3 (D. Md. May 6, 2019) (same); *Phillips v. Archstone Simi Valley LLC*, 15-cv-5559, 2016 WL 400100, at *6 (C.D. Cal. Feb. 1, 2016) (same); *Rice v. Grimm Brothers Realty Company*, No. 15-cv-1405, 2016 WL 278302, at *4 (E.D. Pa. Jan. 21, 2016) (same); *Jawara v. Ivey Brook Apartments*, No. 13-cv-01297, 2013 WL 12380760, at *9 (N.D. Ga. Jul. 15, 2013), *R&R adopted*, 2013 WL 12380926 (N.D. Ga., Aug. 20, 2013); *Crenshaw v. Computex Information Services, Inc.*, No. No. 10-cv-01493, 2010 WL 295150, at *6–7 (D.N.J. Jul. 21, 2010) (same)

For all of these reasons, this case is dismissed without prejudice for failure to state a claim. A separate Order accompanies this Memorandum Opinion.

Date:  August 14, 2025                     _____/s/_____
                                                          JIA M. COBB
                                                   United States District Judge